IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY V. SKIBA, TRUSTEE, | : | |
|     Appellant | : | Civil Action No. 05-151 Erie |
| | : | |
| v. | : | Bankruptcy No. 04-11311 |
| | : | |
| TIMOTHY M. LAHER, et al., | : | Adversary No. 04-1149 |
|     Appellees | : | |
| | : | Electronically Filed |

**MOTION FOR RECONSIDERATION**

AND NOW, to-wit, the Debtor/Appellee in the above-referenced matter files the within Motion for Reconsideration alleging in support as follows:

1. On May 20, 2004, the Debtors, Timothy M. Laher and Debra A. Laher, filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Western District of Pennsylvania.

2. On September 2, 2004, the Trustee instituted an adversary proceeding and filed a Complaint against the Debtors and TIAA-CREF to determine that the annuity is property of the estate and require turnover.

3. The Debtors filed an Answer to the Complaint denying that the annuity should be turned over.

4. By Order dated April 12, 2005, the Bankruptcy Court ruled that the retirement plan was excluded from the bankruptcy estate on the basis of the Court's prior opinion in Skiba v. Gould (In Re: Gould), 322 B.R. 741 (Bankr. W.D. Pa. 2005).

5. The Trustee filed a timely appeal to the District Court for the Western District of Pennsylvania.

6. By Order dated August 5, 2005, this Honorable Court issued a Memorandum Opinion ordering that the Bankruptcy Court's Order of April 12, 2005 is reversed and the case remanded for entry of an Order consistent with said opinion.

7. In its opinion, this Honorable Court stated that, "There are no factual issues in dispute" as part of its discussion regarding the Standard of Review.

8. The undersigned hereby submits that there are indeed factual issues in dispute, specifically, whether the TIAA-CREF pension plan is excluded from the bankruptcy estate. That is, the Trustee and the Debtors disagree as to the status of the account, the facts regarding same, as well as the laws governing said account.

9. In the Discussion section of its opinion, this Honorable Court cited In Re: Quinn, 299 B.R. 450 (Bankr. W.D. Mich. 2003) several times in supporting its rationale for rendering its decision.

10. It is submitted that In Re: Quinn was overturned by the Honorable Gordon J. Quist in the United States District Court for the Western District of Michigan Southern Division by Opinion dated July 15, 2005. Judge Quist reversed the Bankruptcy Court's September 30, 2003 Order which held that the TIAA annuity was included in Quinn's bankruptcy estate. In rendering his decision, Judge Quist found that the TIAA annuity was tantamount to a trust and therefore excluded under Section 541(c)(2).

11.     The situation and issue presented in In Re: Quinn is virtually identical to the issue in the present case. In fact, both the Trustee, as well as this Honorable Court, cited the Bankruptcy Court's decision in Quinn several times in their brief and opinion, respectively.

12.     It is submitted that since Quinn was reversed by the District Court within weeks of and prior to this Honorable Court rendering its opinion, this Court should revisit the issue as presented in light of the District Court Quinn decision.

13.     Further, the pension benefits at issue in Quinn were from a plan sponsored by a governmental entity, and, thus, not regulated under ERISA, while those at issue here are benefits from an "ERISA-qualified plan," to use the terminology of the U.S. Supreme Court in Patterson v. Shumate, 504 U.S. 753,761 (1992), and with respect to which the Court noted that the "clarity of the statutory language at issue in this case obviates the need for any such inquiry" [i.e., the inquiry into legislative history to try and show that the "541(c)(2) exclusion should not extend to a debtor's interest in an ERISA-qualified pension plan"].

14.     Moreover, Congress, in the recently passed Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, indicated the clear intent that all assets of tax-qualified retirement plans are beyond the reach of creditors.

15.     It is further suggested that the vast majority of the cases relied upon by this Honorable Court in issuing its opinion are distinguishable on their face in that they involved individual retirement accounts ("IRAs") and not ERISA-qualified plans.

WHEREFORE, in light of the foregoing, it is respectfully requested that this Honorable Court reconsider its Memorandum Opinion and Order dated August 5, 2005 and affirm the Bankruptcy Court's Order of April 12, 2005 finding that the TIAA-CREF account is excluded from the Debtors' bankruptcy estate.

        Respectfully submitted,

        **MARSH SPAEDER BAUR SPAEDER & SCHAAF,** LLP


By        /s/ Joseph B. Spero, Esquire
        Joseph B. Spero, Esq.
        Pa. Supreme Court I.D. No. 76409
        Attorneys for Debtors/Appellees
        Suite 300, 300 State Street
        Erie, Pennsylvania 16507
        Telephone: (814) 456-5301
        Facsimile: (814) 456-1112
        Email: jspero@marshspaeder.com