IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| GARY V. SKIBA, TRUSTEE, | : | Civil Action No. 05-151 Erie |
| Appellant | : | |
| | : | Bankruptcy NO. 04-11311 |
| v. | : | |
| | : | Adversary No. 04-1149 |
| TIMOTHY M. LAHER, et al., | : | |
| Appellees | : | Electronically Filed |
| | : | |

<u>ANSWER TO MOTION FOR RECONSIDERATION</u>

AND NOW, to-wit, comes the Trustee Gary V. Skiba, Esquire, and

files the following answer:

1.    The Appellees' Motion was not filed until Wednesday,

August 17, 2005, which was more than ten (10) days from the entry

of this Court's Memorandum Opinion and Order on August 5, 2005.

Accordingly the Appellees' Motion cannot be addressed under Rule 59

(e), F.R. Civ. P.

2.    If the Court does address the Motion for Reconsideration,

the suggestion that this Court should alter or amend its judgment

because one of the cases upon which the Appellant relied has been

overruled is not a basis for invoking Rule 59 (e). The Appellees

are making their original arguments with simply a different twist.

The restrictive nature of Rule 59 (e) is clear:

> Motions for "reconsideration" will not be granted absent
> "highly unusual circumstances" they do not provide
> litigants with an opportunity for a "second bite at the
> apple" or allow them, like Emperor Nero, to "fiddle as
> Rome burns", or license a litigation "game of hopscotch",
> allowing parties to switch from one legal theory to a new
> one "like a bee in search of honey". Such motions are not
> vehicles for relitigating old issues. Courts properly
> decline to consider new arguments or new evidence on

1

reconsideration where those arguments or evidence were available earlier.

Baicker-McKaee et al., Federal Civil Rules Handbook 939-40 (2005)(footnotes omitted). See also *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995).

3.   For reconsideration to be granted, there must be a clear manifest injustice and a definite and firm conviction that a mistake has been committed. See *United States v. Jassin*, 292 F.Supp.2d 670, 676(E.D. Pa. 2003). In this case no mistake whatsoever was committed, and the facts were identically reviewed by the parties and the Court.

4.   Further, in the Brief for Appellant, the undersigned stated: "*As no factual issues are in dispute,* the District Court's review in this instance is plenary." Brief for Appellant at 1. In their Brief the Appellees stated: "The Debtors adopt the standard of review as set forth by the Trustee in his brief." Brief for Appellees at 2. The Debtors should be judicially estopped from arguing the opposite now. See *Montrose Med. Group Part. Savings Plan v. Bulger,* 243 F. 3d 773,779 (3d Cir. 2001).

5.   The Motion is even more inappropriate under Rule 60 (b)(6), which is available only in cases evidencing extraordinary circumstances. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60 (b)(6)." *Reform Party of Allegheny County v. Allegheny County Department of Elections*, 174 F.3d 305,311 (3d Cir.1999), quoting *Agostini v. Felton*, 521 U.S. 203, 117 S.Ct.

1997, 2018 (1997). The fact that one Court outside this jurisdiction has aligned itself with other decisions rather those which this Court felt were appropriate is no basis for reconsideration under Rule 60 (b).

6.   On the merits the District Court *in re Quinn*, 2005 WL 1879273(W.D. Mich. 2005), aligned itself with *Morter v. Farm Credit Services,* 937 F.2d 354(7th Cir. 1991), and the dissenting opinion in *Rhiel v. Adams (In Re Adams)*, 302 B.R. 535 (6th Cir. BAP 2003), both of which were discussed by this Court in its Memorandum Opinion and dismissed as unconvincing in light of other precedent in this and other jurisdictions. The District Court in *Quinn* found satisfactory that some Courts, "when addressing the trust requirement, have found that while annuities issued in connection with a tax-qualified 403 (b) plans are not trusts, they should be excluded under §541 (c)(2) in light of the policies identified in *Patterson*." 2005 WL 1879273 at 8-9, citing the Bankruptcy Court's Decision in *Skiba v. Gould (In re Gould)*, 322 Br. 741, 744 (Bankr. W.D. Pa. 2005), which ironically this Court reversed. The Appellees'main obstacle, however, is not *Adams* but *Orr v. Yuhas (In Re Yuhas),* 104 F.3d 612 (3d Cir. 1997), which requires that there be a trust. (This argument, of course, echoes those previously made in Appellant's Brief and further demonstrates that the issues are not appropriate for a Motion for Reconsideration.)

WHEREFORE, the Trustee Gary V. Skiba, the Appellant herein, respectfully requests that this Court deny the Appellees' Motion

for Reconsideration.

Respectfully submitted,


/s/Gary V. Skiba
Gary V. Skiba, Esq.
345 West 6th Street
Erie, PA   16507
814/454-6345
Trustee and Attorney Pro Se
31025-bkr                    PA Attorney I.D. No. 18153

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was mailed this date by first class mail, postage prepaid, and addressed as follows:

   Joseph B. Spero, Esq.
   300 State St., Suite 300
   Erie, PA 16507


Dated: August 29, 2005


     /s/Gary V. Skiba
     Gary V. Skiba, Esq.
     345 West 6th Street
     Erie, PA  16507
     814/454-6345
     Trustee and Attorney Pro Se
31025-bkr    PA Attorney I.D. No. 18153