IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY V. SKIBA, TRUSTEE )<br>          )<br>     Appellant, )<br>          )<br>          )  Civil Action No. 05-151 Erie<br>          )<br>          )  Bankruptcy No. 04-11311<br>          )<br>     v.   )<br>          )<br>TIMOTHY M. LAHER, *et al.*, )<br>          )<br>     Appellees. ) | |

## ORDER

**McLAUGHLIN, J.**

This matter is before the Court upon Appellees' motion for reconsideration (Dkt. #11). In the underlying opinion in this case, we ruled that the Appellees' interest in a TIAA-CREF retirement plan could not be excluded from their bankruptcy estate under 11 U.S.C. § 541(c)(2). In reaching our decision, we cited In re Quinn, 299 B.R. 450 (Bankr. W.D. Mich. 2003) ("Quinn I"). On July 15, 2003, the United States District Court for the Western District of Michigan overturned Quinn, holding that the TIAA annuity was "tantamount" to a trust and therefore excluded under § 541(c)(2). In re Quinn, 2005 WL 1879273 (W.D. Mich. 2005) ("Quinn II").

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3rd Cir. 1999) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir.1985). Thus, the appropriate grounds for granting such a motion are limited to: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id; see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

Here, Appellees ask us to reconsider our prior ruling based on the fact that one of several

1

cases relied upon in our opinion has been overturned. The facts and evidence are not in dispute here, and a Michigan district court case is not "controlling law." Thus, we read Appellees motion as a request to correct what they perceive to be a clear error of law.

Upon review, we decline to grant the requested motion for reconsideration. The decision by a district court in another jurisdiction to align itself with those cases that we have rejected rather than those upon which we relied does not demonstrate a clear error of law. Indeed, we are particularly unpersuaded by Quinn II given its heavy reliance upon the rationale stated in Skiba v. Gould (In re Gould), 322 B.R. 741, 744 (Bankr. W.D. Pa. 2005), the very bankruptcy court decision that we overturned in our underlying opinion.

### III. Conclusion

For the reasons state above, Appellees' motion for reconsideration (Dkt. #11) is **DENIED**.

/s/ Sean J. McLaughlin - 9/6/05  
United States District Judge